**In the Matter of PCS/REPORTS, LTD., Instantistics Information Systems, Ltd., Debtors.**

**UNITED CREDIT CORPORATION, Plaintiff,**

v.

**INSTANTISTICS INFORMATION SYSTEMS, LTD., Defendant.**

**UNITED CREDIT CORPORATION, Plaintiff,**

v.

**PCS/REPORTS, LTD., Defendant.**

**Bankruptcy No. 82 B 10119.
Adv. No. 82–5140A.**

United States Bankruptcy Court, S.D. New York.

Aug. 26, 1983.

Arutt, Nachamie, Benjamin, Lipkin & Kirschner, New York City, for debtors.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for plaintiff.  ·

### DECISION ON MOTION TO COMPEL DISCOVERY

EDWARD J. RYAN, Bankruptcy Judge.

On January 20, 1982, an involuntary petition was filed against Instantistics Informa-tion Systems Ltd. (Instantistics) and PCS/Reports, Ltd. (PCS) pursuant to Chapter 7 of the Bankruptcy Code. Both PCS and Instantistics (defendants) are owned and operated by substantially the same individuals. Prior to the filing of the petition, these defendants entered into separate agreements with plaintiff United Credit Corporation (United Credit) wherein plaintiff agreed to make loans to the defendants and they, in return, granted plaintiff a security interest in, *inter alia,* all of its present and future accounts receivable, contract rights, inventory and proceeds thereof as collateral security for the payment of defendants' liabilities.

On February 4, 1982, plaintiff filed a complaint seeking to modify the automatic stay pursuant to 11 U.S.C. § 362 (1978) and permit the foreclosure of its security interest to recover proceeds from a collection of accounts receivable and inventory from the defendants. Defendants subsequently filed their answer to the complaint and counter-claimed. One of defendants' defenses and counterclaims alleged that plaintiff charged defendants an interest rate which was usurious in violation of N.Y. Penal Law § 190.-40 (McKinney 1976).

Thereafter, defendants took the deposition of plaintiff by Donald M. Landis, its Vice President, Secretary and Treasurer pursuant to Rule 30 of the Federal Rules of Civil Procedure and Rule 730 of the Rules of Bankruptcy Procedure. During this deposition, Mr. Landis was directed by his counsel not to answer certain questions. On April 22, 1983, defendants moved for an order pursuant to Rule 37 of the F.R.C.P. and Rule 737 of the Rules of Bankruptcy Procedure, seeking an order compelling Mr. Landis to answer these questions.

On June 27, 1983, a hearing was held before this court in regard to this matter.

Defendants contend that these questions are relevant to the general scope of discovery set forth in Rule 26 of the F.R.C.P. and Rule 726 of the Rules of Bankruptcy Procedure.

The questions which Mr. Landis did not answer are described as follows. There remain unanswered questions involving the nature of a discussion between Mr. Landis and debtor's attorneys, Mr. Gordon and Mr. Solinger, prior to the filing of the Chapter 11 petition with regard to the questions of usury and an interest credit given by United Credit to defendants. Another question was whether plaintiff's crediting of excessive interest charges was an isolated situation directed solely at the defendants, or whether this procedure was standardized company policy. The third inquiry was whether the subsequent change from a 365-day year to a 360-day year in the computation of the interest charged to the debtors was only for the debtors' accounts or directed at all accounts. Finally, counsel for the defendants sought to inquire into the nature of any contact prior to the filing of the petition between United Credit and Abraham Backenroth, Esq., counsel for the petitioning creditors in the involuntary petition proceeding, and now counsel for the committee.

Rule 26(b)(1) of the F.R.C.P. defining the scope of discovery, provides as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial *if the information sought appears reasonably calculated to lead to the discovery of admissible evidence* [emphasis added].

Plaintiff contends that the questions asked by defendants' counsel in the deposition of Mr. Landis are objectionable in that they are irrelevant to the subject matter in the pending action.

The key phrase contained in this rule— "relevant to the subject matter involved in the pending action"—has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 352, 98 S.Ct. 2380, 2390, 57 L.Ed.2d 253 (1978). It is well established that the concept of relevance for discovery purposes is not limited by considerations of evidentiary admissibility at trial, but is interpreted broadly to afford the parties liberal access to evidence in advance of trial. *Quaker Chair Corp. v. Litton Business Systems, Inc.,* 71 F.R.D. 527, 530 (S.D.N.Y.1976).

■ Although the parameters of relevance in the context of any given particular set of facts is necessarily imprecise, *Mallinckrodt Chemical Works v. Goldman, Sachs & Co.,* 58 F.R.D. 348, 353 (S.D.N.Y. 1973), defendants' questions regarding the nature of the discussion between Mr. Landis and Messrs. Gordon and Solinger, the debtor's attorneys, with respect to the questions of usury and the interest credit given by United Credit, do bear on the question of whether United Credit charged the defendants usurious rate of interest. Defendants demonstrate that these questions are indeed relevant to the subject matter of this case.

■ In the absence of a clear showing by one party that the material sought to be discovered by the other party has no bearing on the issues raised, the other party may usually proceed in discovery. *Quaker Chair Corp.,* 71 F.R.D. at 530. It is evident that United Credit has failed to meet this burden in its memorandum. United Credit's mere objection is insufficient to overcome defendants' specific claims of relevancy. *See Home Insurance Co. v. Ballenger Corp.,* 74 F.R.D. 93, 101 (N.D.Ga.1977). Thus, defendants are entitled to an order pursuant to Rule 37 of the F.R.C.P. and Rule 737 of the Rules of Bankruptcy Procedure compelling United Credit to answer this series of questions.

**614**

■ However, defendants' questions involving plaintiff's policy on crediting clients with excessive interest charges, plaintiff's subsequent change in computing the interest on defendants' debt, and the nature of the contact between plaintiff and Abraham Backenroth, present a different situation.

With respect to the line of questioning relating to United Credit's policy of charging excessive interest and its subsequent change in computing the interest on defendants' debt, defendants maintain that these questions are relevant. They contend that this case is an isolated situation, and that plaintiff credited the amount of excessive interest when caught with its hand in the proverbial cookie jar. Plaintiff correctly contends that any questions concerning United Credit's computation of interest or interest adjustments on customer accounts other than the defendants' are irrelevant to whether this loan agreement between United Credit and the defendants was indeed usurious. This court cannot imagine any logical finding that would result in compelling plaintiff to answer these lines of questioning. Whether United Credit's crediting of excessive interest was an isolated situation with respect to defendants or pursuant to a standardized policy has nothing to do with whether usury was involved in this particular transaction. Even if it is United Credit's custom to violate the law by charging usurious rates of interest, it could be of no significance with regard to whether United Credit violated § 190.40 of the N.Y. Penal Code in the instant case.

In addition, defendants are not persuasive in contending that the line of questioning involving any previous contact prior to the filing of the petition between United Credit and Abraham Backenroth, counsel for the petitioning creditors in the involuntary petition proceeding, and now counsel for the committee, in any way bears on whether United Credit, after charging a usurious rate of interest and discovering that defendants were planning legal action, paid Backenroth to file an involuntary petition against defendants in order to have a trustee appointed to prevent the defense of usury with regard to its loans. Parties

should not be permitted to roam in the shadow zones of relevancy and to explore matter which does not presently appear even remotely germane on the theory that it might conceivably become so. *Broadway & Ninety-Sixth St. Realty Co. v. Loew's Inc.,* 21 F.R.D. 347, 352 (S.D.N.Y.1958). Defendants' claim is not germane on the issue of whether United Credit charged a usurious rate of interest and, hence, United Credit will not be compelled to answer these series of questions.

For the reasons set forth above, defendants' motion for an order pursuant to Rule 37 of the F.R.C.P. and Rule 737 of the Rules of Bankruptcy Procedure should be granted only with respect to the first line of questioning.

Settle an appropriate order.